UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-08747-CAS(ASx) | Date | January 19, 2016 |
|---|---|---|---|
| Title | ANGEL GALVEZ V. COUNTY OF LOS ANGELES, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                       Not Present

**Proceedings:**     (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FOURTH AND FIFTH CAUSES OF ACTION

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of January 25, 2016, is vacated, and the matter is hereby taken under submission

## I. INTRODUCTION & BACKGROUND

On November 9, 2015, plaintiff, Angel Galvez, filed the instant suit against defendants the County of Los Angeles (the "County"), the Los Angeles' County Sheriff's Department ("LACSD"), and Does 1 through 10 (collectively, "defendants"). Dkt. 1. Plaintiff asserts the following claims against defendants: (1) Deliberate Indifference to a Substantial Risk of Harm to Health, in violation of 42 U.S.C. § 1983; (2) Cruel and Unusual Punishment, in violation of Eighth and Fourteenth Amendments of the United States Constitution; (3) Liability for Unconstitutional Custom, Practice, or Policy, in violation of 42 U.S.C. § 1983; (4) Negligence; and (5) Negligent Hiring, Training, and Retention. Id.

In brief, plaintiff alleges that a fellow prisoner assaulted him in his cell at the Twin Towers Correctional Facility in Los Angeles County and that defendants were deliberately indifferent to the risk that a fellow prisoner would injure plaintiff. Among other things, plaintiff contends that defendants: (1) failed to properly screen and segregate inmates known to have acted violently in the past; (2) failed to protect plaintiff during an attack by co-inmates (3) failed to provide sufficient staff at the unit where plaintiff was housed; (4) failed to follow defendants' established safety procedures; (5) failed to provide necessary and appropriate security measures; (6) failed to remove or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-08747-CAS(ASx) | Date | January 19, 2016 |
|---|---|---|---|
| Title | ANGEL GALVEZ V. COUNTY OF LOS ANGELES, ET AL. | | |

segregate known violent inmate from plaintiff's cell; and (7) failed to provide the necessary and appropriate personnel necessary for the safety, welfare, and protection of plaintiff. Id. ¶ 2.

On December 4, 2015, defendants filed a motion to dismiss plaintiff's claims for negligence and negligent hiring, training, and retention pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 12. On January 4, 2016, plaintiff filed a notice of non-opposition to defendants' motion to dismiss. Dkt. 14. Having carefully considered defendants' arguments the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**      'O'

| Case No. | 2:15-cv-08747-CAS(ASx) | Date | January 19, 2016 |
|---|---|---|---|
| Title | ANGEL GALVEZ V. COUNTY OF LOS ANGELES, ET AL. | | |

"[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

### III. ANALYSIS

Defendants move to dismiss plaintiff's fourth claim, for negligence, and plaintiff's fifth claim, for negligent hiring, training, or retention of employees. Both of these claims are predicated on defendants' purported failure to take necessary precautions to prevent plaintiff's assault by a fellow prisoner. However, in California, public entities, such as defendants, have immunity from liability for injuries either proximately caused by a prisoner or sustained by a prisoner. See Cook v. Cnty. of Contra Costa, 2015 WL 9204292, at *2 (N.D. Cal. Dec. 17, 2015) (Henderson, J.) ("[T]he Court need not reach the sufficiency of Plaintiff's pleading, because pursuant to California Government Code section 844.6(a)(2), a public entity is immune from a prisoner's claim for injuries arising from negligence")

California Government Code § 844.6(a) provides, in pertinent part: "a public entity is not liable for: (1) an injury proximately caused by any prisoner; (2) an injury to any prisoner." Pursuant to California Government Code § 844, a prisoner is defined as "an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-08747-CAS(ASx) | Date | January 19, 2016 |
|---|---|---|---|
| Title | ANGEL GALVEZ V. COUNTY OF LOS ANGELES, ET AL. | | |

inmate of a prison, jail or penal or correctional facility."  Here, plaintiff alleges in his complaint that, at all relevant times he "was an inmate at the Twin Towers Correctional Facility operated by the Los Angeles County Sherriff's Department."  Compl. ¶ 7. Moreover, plaintiff alleges that he sustained his injuries when "another inmate" at the Twin Towers Correctional Facility assaulted him.  Id. ¶ 15.  Accordingly, plaintiff's injuries fall squarely within the ambit of section 844.6(a) both because plaintiff asserts his injuries were caused by a prisoner and because he sustained his injuries while he was "a prisoner" within the meaning of section 844.  Defendants are therefore immune from liability for both of plaintiff's claims arising under California state law.  See also Campos v. Cnty. of Los Angeles, 2012 WL 3656518, at *2 (C.D. Cal. Aug. 23, 2012) ("Plaintiffs concede that under California Government Code § 844.6(a)(2), the County and Sheriff's Department are immune from Plaintiff's Sixth Cause of Action for negligence.").

In addition, California law provides immunity for public entities from liability based on the negligent hiring, training, or retention of their employees.  Pursuant to California Government Code § 815(a), "[a] public entity is not liable for an injury," "[e]xcept as otherwise provide by statute."  Accordingly, "[i]n California, a governmental entity can only be sued in tort pursuant to an authorizing statute or enactment."  Van Ort v. Estate of Stanewich, 92 F.3d 831, 840 (9th Cir. 1996).  Here, plaintiff fails to identify any statutory basis under California law for holding public entities liable for the negligent hiring, retention, or training of their employees.  Therefore, for this reason as well, plaintiff has failed to state a claim against defendants for negligent hiring, retention, or training of their employees.  See also Han v. City of Folsom, 551 Fed. App'x 923, 926 (9th Cir. 2014) ("Finally, the district court correctly granted summary judgment on the Hans' state-law claim for negligent hiring, retaining, training, supervision, and discipline because cities are not liable for such conduct under California law.") (citing de Villers v. Cnty. of San Diego, 156 Cal. App. 4th 238, 252 (2007) ("We find no relevant case law approving a claim for direct liability based on a public entity's allegedly negligent hiring and supervision practices.")).

Finally, defendants' motion may be granted for the additional reason that plaintiff has failed to file an opposition.  See C.D. Cal. L.R. 7-12 (the failure to file an opposition may be deemed consent to the granting of the motion).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-08747-CAS(ASx) | Date | January 19, 2016 |
|---|---|---|---|
| Title | ANGEL GALVEZ V. COUNTY OF LOS ANGELES, ET AL. | | |

  For the foregoing reasons, the Court **GRANTS WITHOUT PREJUDICE** defendants' motion to dismiss plaintiff's fourth and fifth claims for negligence and negligent hiring, training, or retention if employees.

  IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |